UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA SIERRA DE AURORA BANQUETS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:18-cv-6699 |
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, La Sierra De Aurora Banquets, LLC, by and through its undersigned counsel, for its Complaint against Defendant, Employers Mutual Casualty Company, states as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff, La Sierra De Aurora Banquets, LLC ("Plaintiff" or "La Sierra"), was and is a limited liability corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Aurora, Illinois.

2.      The sole member of La Sierra is Jose L. Velazquez, a citizen of Illinois residing Aurora, Illinois.

3.      Defendant, Employers Mutual Casualty Company ("Employers Mutual"), was and is a corporation and existing under the State of Iowa, with its principal place of business in Des Moines, Iowa, and is engaged in the business of underwriting and issuing commercial property insurance policies in the State of Illinois.

1

4.      This Court has subject matter jurisdiction over the matter pursuant to Title 28 U.S.C. §1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

5.      Venue is proper in this Court pursuant to Title 28 U.S.C. §1391 because Plaintiff resides in this jurisdictional district and the events giving rise to the claim occurred in this judicial district.  Additionally, Employers Mutual does business and/or transacts business in this judicial district, and is subject to personal jurisdiction in this judicial district.

## FACTS COMMON TO ALL COUNTS

6.      La Sierra is the owner of the commercial property located at 2121 E. New York Street, in Aurora, Illinois (the "Insured Premises" or  the "Property").

7.      Employers Mutual issued an insurance policy to La Sierra which insured the Property and business personal property for the period of November 15, 2016 to November 15, 2016, under Policy Number 5A3-63-16-17 (the "Policy", a copy of which is attached hereto as Exhibit A).

8.      Under the Policy, Employers Mutual insured against risks of direct physical loss or damage to covered property caused by or resulting from a covered cause of loss, unless limited or excluded.

9.      Loss caused by wind is not excluded under the terms and conditions of the Policy and, as such, is a covered loss.

10.     On or about May 15, 2017, while the Policy was in full force and effect, Plaintiff suffered a loss at the Insured Premises due to wind ("the loss" or "wind loss").

11.     Plaintiff notified Employers Mutual of the wind loss and submitted a claim under the Policy.

12.     Employers Mutual acknowledged receipt of the loss and assigned it claim number 1345089.

13.     On September 18, 2017, Employers Mutual issued a partial denial letter, asserting that damages to the roof and ensuing interior water damage, among others, were not covered.  A copy of the September 18, 2017 correspondence is attached as Exhibit B.

14.     On or about September 19, 2017, Plaintiff through its public adjuster, submitted a preliminary estimate to Employers Mutual of the cost to repair/replace the wind damage to the roof of the Property.  A copy the estimate is attached hereto as Exhibit C.

15.     Ultimately, Employers Mutual acknowledged that the wind loss was covered under the Policy, and issued an actual cash value payment on its valuation of the loss in the amount of $3,731.45 based on its estimate of the cost to repair/replace the wind damage to the roof of the Property.  A copy of Employers Mutual October 12, 2017 letter is attached as Exhibit D.

## COUNT I
### (Declaratory Judgment - Appraisal)

16.     Plaintiff re-alleges paragraphs 1 through 15 of the Complaint as though fully set forth herein as paragraph 16 of Count I of the Complaint.

17.     The Policy contains an "Appraisal" provision which reads as follows:

> **Appraisal.**
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and the amount of loss.  If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.  Each party will:
>
> a.     Pay its chosen appraiser; and
> b.     Bear the other expenses of the appraisal and umpire equally.

3

(Exhibit A, Form CP 00 10 10 12 at page 10 of 16).

If there is an appraisal, we will still retain our right to deny the claim.

18.     On August 17, 2018, Plaintiff demanded an appraisal based on a disagreement with Employers Mutual as to the amount of the loss. A copy of the Appraisal demand is attached as Exhibit E.

19.     To date, Employers Mutual has failed to agree to participate in an appraisal of the loss.

20.     Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between La Sierra and Employers Mutual as to the amount of the wind loss sustained by Plaintiff. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiff, La Sierra De Aurora Banquets, LLC, prays that this Court enter an order:

(a) compelling and requiring the parties to proceed with appraisal in accordance with the terms of the "Appraisal" provision in the insurance policy;

(b) staying the case pending the outcome of the appraisal; and

(c) granting any additional relief this Court deems just and proper.

### COUNT II
**(Declaratory Judgment – Post-Loss Duties)**

21.     Plaintiff re-alleges paragraphs 1 through 19 of the Complaint as though fully set forth herein as paragraph 21 of Count II of the Complaint.

22.     The Policy contains the a "Duties in the Event of Loss or Damage" provision, which states in part that upon request of the insurer, the insured is required to send a sign, sworn proof of loss within 60 days of the request.

23.     At the time Plaintiff requested appraisal, there were no outstanding requests for compliance with the "Duties in the Event of Loss or Damage" provision of the Policy.

24.     For more than fifteen (15) months following the loss, Employers Mutual did not invoke its right to request that Plaintiff submit a Sworn Statement in Proof of Loss.

25.     Despite having already taken a coverage position and making a partial payment to Plaintiff, it was only after Plaintiff invoked the Appraisal provision that Employers Mutual first requested that Plaintiff submit a Sworn Statement in Proof of Loss.  A copy of the Employers Mutual correspondence is attached as Exhibit F.

26.     Employers Mutual has a contractual obligation to proceed with appraisal to set the amount of Plaintiff's loss without first requiring Plaintiff to comply with the "Duties in the Event of Loss or Damage" provision within the Policy, as the parties' competing estimates demonstrate that there is a dispute as to the amount of the loss.

27.     Employers Mutual's waived its right to invoke the "Duties in the Event of Loss or Damage" provision of the Policy including, but not limited to, requesting a sworn statement in proof of loss, by initially denying the claim and not invoking such rights.

28.     Alternatively, Employers Mutual's waived its right to invoke the "Duties in the Event of Loss or Damage" provision of the Policy including, but not limited to, requesting a sworn statement in proof of loss, by not requesting the same for more than fifteen months.

29.     Alternatively, Employers Mutual's waived its right to invoke the "Duties in the Event of Loss or Damage" including, but not limited to, requesting a sworn statement in proof of loss, by not requesting the same before La Sierra invoked its demand for appraisal.

30.     Pursuant to Federal Rule of Civil Procedure 57, an actual and justiciable controversy exists between La Sierra and Employers Mutual as to whether Employer's Mutual has

waived its right to invoke the "Duties in Event of Loss or Damage" and/or whether La Sierra is required to submit a sworn statement in proof of loss, or otherwise comply with any requests under the "Duties in the Event of Loss or Damage" as a condition to the parties proceeding to appraisal. This Court is vested with the power to declare the rights and liabilities of the parties hereto and give such other and further relief as may be necessary.

WHEREFORE, Plaintiff, La Sierra De Aurora Banquets, LLC, prays that this Court:

(a) determine and adjudicate the rights and liabilities of the parties with respect to the insurance policy's "Duties in the Event of Loss or Damage" provision;

(b) find and declare Employers Mutual waived its right to invoke the "Duties in the Event of Loss or Damage" provisions in the policy;

(c) find and declare that Plaintiff need not submit a sworn statement in proof of loss as a condition to the parties proceeding to appraisal; and

(d) grant any additional relief this Court deems just and proper.

## COUNT III
### (Breach of Contract)

31.     Plaintiff re-alleges paragraphs 1 through 19 of Count I of the Complaint as paragraph 31 of Count III of the Complaint.

32.     Plaintiff has substantially performed and complied with all conditions precedent as required by the Policy to be performed by it, including, but not limited to, paying the premiums due under the Policy, giving notice to Employers Mutual of the loss, and cooperating with Employers Mutual's investigation of the claim.

33.     It is also Employer Mutual's duty to pay the amount due under the insurance policy for the covered wind loss, including the cost to repair/replace the wind damage to the Insured Premises.

34.     Although requested to do so, Employer Mutual has failed to proceed to appraisal

and to pay for all of the damages sustained by La Sierra from the wind loss, including the cost to

repair/replace all of the wind damage to the Insured Premises, thus breaching the insurance policy.

35.     This breach of the insurance contract was and is the direct and proximate cause of

damages to La Sierra in an amount in excess of $75,000.

36.     This is an action based on a "written instrument" within the meaning of the Illinois

Interest Act and, therefore, La Sierra is entitled to prejudgment interest.

WHEREFORE, Plaintiff, La Sierra De Aurora Banquets, LLC, prays for judgment in its

favor and against Defendant, Employers Mutual Casualty Company, in an amount in excess of

$75,000, plus prejudgment interest and costs.

## COUNT IV
### (Section 155 Relief)

37.     La Sierra re-alleges paragraphs 1 through 35 of Count III of the Complaint as

paragraph 37 of Count IV of the Complaint.

38      At the time of the wind loss, Employer Mutual's internal claims policies, practices,

and procedures included compliance with the regulations promulgated by the Illinois Director of

Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections

154.5 and 154.6 of the Illinois Insurance Code.

39.      La Sierra is entitled to an award of taxable costs under section 155 of the Illinois

Insurance Code by virtue of Employer Mutual engaging in the following vexatious and

unreasonable conduct including, but not limited to:

(a)     failing to pay La Sierra for the loss within 40 days of the wind loss being reported
        to Employers Mutual, thus constituting an unreasonable delay in paying the claim
        as a matter of law, in violation of the regulations promulgated by the Illinois Director
        of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

7

(b)    failing to provide La Sierra with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified Employers Mutual of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c)    failing to provide La Sierra with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d)    not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the wind loss and ensuing claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(e)    forcing La Sierra to retain legal counsel to investigate the wind loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(f)    refusing to pay for La Sierra's covered losses due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the wind loss who is repeatedly used by and is biased in favor of insurers like Employer's Mutual, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(g)    without proper cause, refusing to participate in the Appraisal process;

(h)    refusing to proceed to Appraisal without conditioning participation in the same upon Plaintiff's submission of a sworn statement in proof of loss;

(i)    without proper cause, wrongfully and knowingly refusing to reimburse La Sierra for all its covered wind damage under the insurance policy; and

(j)    failing to be fair, open, and to carry out its part of the bargain under the contract in good faith, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, La Sierra De Aurora Banquets, LLC, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, Employers Mutual Casualty Company.

**Plaintiff Demands Trial by Jury, on all triable issues of fact.**

/s/ Edward Eshoo, Jr._____
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com

9